**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO.:**   4:22cv-86-JHM

***\*\*\*FILED ELECTRONICALLY\*\*\****

**LISA D. DAWSON**                                                                                            **PLAINTIFF**

**v.**

**MEIJER, INC.**                                                                                            **DEFENDANTS**
2929 Walker Avenue NW
Grand Rapids, Michigan 49544

      *Serve Registered Agent*
      CT Corporation System
      306 West Main Street, Suite 512
      Frankfort, Kentucky 40601

<u>**COMPLAINT**</u>

    Lisa D. Dawson, by counsel, for Plaintiff's *Complaint*, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

    1.      At all times relevant, Plaintiff Lisa D. Dawson ("Lisa" or "Plaintiff") was a resident of Owensboro, Daviess County, Kentucky.

    2.      To the best of Plaintiff's knowledge and belief, at all times relevant to this action, Defendant Meijer, Inc. was a foreign Michigan Corporation, authorized to do business in this Commonwealth with a registered principal office at 2929 Walker Ave., NW, Grand Rapids, MI 49544, a Kentucky registered agent for service of process is listed as CT Corporation System and service herein shall be made upon said in-state agent.

    3.      Jurisdiction is proper in this Court by virtue of the diversity of citizenship between Plaintiff and Defendant, and the controversy between the parties—exclusive of interest and costs, exceeds this Court's jurisdictional requisite of $75,000.00. Therefore, this Court has

jurisdiction pursuant to 28 USC 1332.

4.      Venue is proper in this judicial district and division as all complained of acts,

occurrences, or transactions, occurred in Owensboro, Daviess County, Kentucky. 28 USCS

1332.

## ACTIONABLE OCCURRENCE

5.      On July 28, 2021, Defendant operated or maintained an open and operating

business located at 2951 Heartland Crossing, Owensboro, Kentucky 42303 (hereinafter referred

to as "store").

6.      Defendant owned the real property the store was constructed on by general

warranty deed (Deed Book 936, Page 779) (referred herein as "premises").

7.      Lisa was in Defendant's store for conducting business that was beneficial to

Defendant.

8.      While Lisa was on or in Defendant's store or premises, Lisa was Defendant's

business invitee.

9.      At all times relevant herein, there was water on Defendant's store's floor.

10.      As Lisa walked through Defendant's store, Lisa fell without any warning or

expectation of any hazard, defect, or other dangerous condition.

11.      A water hazard, defect, or other dangerous condition was on the floor in

Defendant's store.

12.      The water hazard, defect, or other dangerous condition originated from the

overhead area of the store, including but not limited to the ceiling or roof.

13.      Lisa did not see leaking water; standing water; or any other floor hazard, defect,

or condition that would prevent Plaintiff from walking safely through Defendant's store.

14.     Defendant did not notify, in any way, Lisa of the water hazard, defect, or condition.

15.     Defendant did not notify, in any way, any other store customer of the water hazard, defect, or condition.

16.     Before Lisa's fall, Defendant did not post any signs, warnings, or an equivalent near the floor's water hazard, defect, or condition.

17.     The water posed a serious risk and threat to the safety and well-being of Plaintiff, and other customers, while on Defendant's property.

18.     Lisa's fall was caused by a water hazard, defect, or condition in Defendant's store.

19.     Lisa fell in a place or location that Defendant reasonably expected customers to be, including Lisa.

20.     Due to Defendant's negligence, Lisa suffered and continues to suffer severe damages and injuries that were directly, actually, and proximately caused by the water-based defect, hazard, and dangerous condition in/on Defendant's store/property.

**CAUSE OF ACTION:**
**NEGLIGENCE OF DEFENDANT MEIJER, INC.**

21.     The content contained in every preceding paragraph is incorporated by reference.

22.     Defendant owed a duty to Lisa, and all others in Defendant's store, to exercise ordinary care to maintain its premises in such a condition as to not cause or create an unreasonable risk of harm to persons utilizing Defendant's maintained premises in the way they were intended to be used.

23.     Defendant had a duty to keep its premises in a reasonably safe condition, which included a duty to discover dangerous conditions, and fix, safeguard, or adequately warn of such conditions, thereby making the premises safe for Defendant's business invitees, including Lisa.

24.     Defendant knew of, or reasonably should have known of, the dangerous hazard, defect, or condition, of the wet floor.

25.     Even if Defendant did not know of the dangerous hazard, defect, or condition of the wet floor, Defendant, by exercising ordinary care, should have known the hazard, defect, or condition, was present.

26.     Defendant should have expected Plaintiff not to see the hazard, defect, or condition.

27.     Defendant had the duty to regularly inspect the store to ensure the floor was free of defects, hazards, or dangerous conditions that would imperil person lawfully on Defendant's property.

28.     Defendant did not correct the hazard, defect, or condition.

29.     Defendant did not warn Plaintiff of the hazard, defect, or condition.

30.     By the exercise of ordinary care, Plaintiff did not, and could not, discover the water hazard, defect, or condition, in enough time to prevent Plaintiff from being injured.

31.     Defendant breached the above duties by creating a defect, hazard, or dangerous condition; failing to regularly or routinely inspect the store for any defects, hazards, or dangerous conditions; failing to warn Defendant's business invitees of the defect, hazard, or dangerous condition; and allowing a defect, hazard, or dangerous condition to pool on its floor.

32.     Defendant's negligence was a substantial factor in causing Lisa to sustain serious injuries and damages, which include but are not limited to past, present, and future medical

expenses; court costs and attorney's fees; past, present, and future physical and nonphysical pain and suffering; lost wages; and an impairment of earning capacity.

WHEREFORE, Plaintiff Lisa D. Dawson demands judgment against Defendant Meijer, Inc. for:

a.   An amount of general and special damages above the minimum jurisdictional amounts that are fair and reasonable, as established by the evidence;

b.   Any relevant civil penalties;

c.   Reasonable attorney's fees;

d.   Legal expenses and costs expended herein;

e.   Pre-judgment and post-judgment interest, as necessary and proper;

f.   Any and all other relief to which Plaintiff appears entitled by and through the prosecution of the above-captioned action; and

g.   Any and all supplemental and additional relief this Court determines to be reasonable, fair, and just.

Lastly, Plaintiff requests a jury trial on all actions and counts in this Complaint, as so properly triable.

Respectfully submitted,

/s/ Travis L. Holtrey, KBA No. 86224
/s/ Davin L. Shaw, KBA No. 98595
FOREMAN • WATSON • HOLTREY, LLP
530 Frederica Street, Owensboro, KY 42301
P: 270-689-2412; F: 270-689-2412
tholtrey@fwhlegal.com
dlshaw@fwhlegal.com
*Counsel for Plaintiff*